IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SAM WILSON                                              PLAINTIFF

         v.              Civil No. 08-5191

ROCKLINE INDUSTRIES, INC.                               DEFENDANT

**MEMORANDUM OPINION**

Now on this 1st day of April, 2010, comes on for consideration the prayer of plaintiff's Complaint for damages as a result of a violation of the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), and from the submissions of the parties, and the evidence adduced during the jury trial of this matter, the Court finds and orders as follows:

1.   In this employment discrimination case, plaintiff Sam Wilson ("Wilson") alleged that Rockline Industries, Inc. ("Rockline") was liable to him for age discrimination, wrongful termination in violation of Arkansas law, and violation of COBRA.

Wilson's age discrimination and wrongful termination claims were tried to a jury, but the COBRA claim is a matter for the Court to decide.

2.   Wilson's COBRA claim is that Rockline failed to provide him and his family notice of their rights under COBRA upon his termination.

COBRA provides that

[t]he plan sponsor of each group health plan shall provide . . . that each qualified beneficiary who would lose coverage under the plan as a result of a qualifying event is entitled, under the plan, to elect, within the election period, continuation coverage under the plan.

**29 U.S.C. § 1161.**  Continuation coverage must extend eighteen months from the qualifying event.  **29 U.S.C. § 1162(2)(A).**

One such qualifying event is "[t]he termination (other than by reason of such employee's gross misconduct). . . of the covered employee's employment."  **29 U.S.C. § 1163(2).**

Pursuant to **29 U.S.C. § 1166,** an employer of a covered employee must notify the administrator of a group health plan about the qualifying event of termination within 30 days, and the administrator must notify the beneficiary of his COBRA rights.

Pursuant to **29 U.S.C. § 1132(c),** an administrator who fails to comply with **29 U.S.C. § 1166(a)(1)** "may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper."

3.   The parties agree that Wilson experienced a qualifying event, and that Rockline is liable for some amount of statutory damages under COBRA, as each submitted proposed findings of fact and conclusions of law, and a proposed precedent for the Judgment in this case, that included such damages[1].

They disagree on the amount of the penalty.  Wilson contends

---

[1] Rockline does not assert that some individual within its organization, or some outside plan administrator, is liable for the statutory penalty, appearing instead to concede that it bears that liability.  This may be because it is the plan sponsor and there is no designated administrator, making Rockline liable under 29 U.S.C. § 1002(16(A)(ii). Regardless of the reason, the Court finds that Rockline has conceded its liability, contesting only the amount of that liability.

for a penalty of $75 per day for 676 days (i.e., until trial of the case), or $50,700.00.  Rockline contends for a penalty of $25 per day until May 28, 2008, when the jury found Wilson would have been terminated for legitimate reasons, or $2,450.00.

4.    The Court finds that statutory damages should be calculated on the basis of an eighteen-month period, because continuation coverage would have been available to Wilson for that length of time had he been offered the opportunity to elect such coverage.  The point of giving a terminated employee notice of the right to elect continuation coverage is to afford him the opportunity to continue the coverage available to him during employment.  When he is not afforded that opportunity, he is prejudiced for the entire time period when he could have had the coverage. Prejudice to the plaintiff is one consideration in determining statutory penalties under **29 U.S.C. § 1132(c)**.  **Kerr v. Charles F. Vatterott & Co.**, 184 F.3d 938, 948 (8th Cir. 1999).

There is, however, no logical basis to extend statutory damages beyond the eighteen month time period, as requested by Wilson.

On the other hand, there is no basis in the evidence to shorten this time period, as requested by Rockline.  Although Rockline contends that its reasons for discharging Wilson amount to "gross misconduct," the jury found the stated reasons were not Rockline's real reasons for discharging Wilson, finding instead that he was terminated in violation of Arkansas public policy for

-3-

writing a letter to the Food and Drug Administration informing them that Rockline was shipping contaminated product.

Consistent with the jury's verdict, the Court concludes that Rockline failed to give Wilson notice of his COBRA rights because he was a whistleblower, not because of any good faith belief that it had a legitimate reason to terminate him. The fact that Wilson would later have been terminated for legitimate reasons does not right the wrong, because those reasons came to light several months after the end of the one-month period for giving COBRA notice.

5. The Court has considered whether Rockline is entitled to a cut-off of statutory penalties as of the date the jury found it would have terminated Wilson for other reasons, and concludes that it is not.

Termination alone does not excuse a plan administrator from making continuation coverage available. Termination is a qualifying event which triggers the requirement to make such coverage available. It is only termination for gross misconduct that will excuse the plan administrator from making such coverage available.

The term "gross misconduct" as used in COBRA has not been given a definitive judicial gloss, and the Eighth Circuit Court of Appeals has described it, in **Johnson v. U.S. Bancorp Broad-Based Change**, **424 F.3d 734, 739 (8th Cir. 2005)**, as a "rather nebulous term." The court there upheld a plan administrator's decision that violation of company computer policy amounted to gross misconduct

-4-

because it was so defined in the plan and because of the deference due to a plan administrator's interpretation of plan language.  In the case at bar, neither the language of the plan, nor the administrator's interpretation of it, are shown by the evidence.

In a strong dissent in **Johnson**, Judge Bye recites numerous definitions of gross misconduct, which rely on concepts such as flagrant, extreme, shameful, outrageous, unconscionable, shocking, wanton.

In the Court's view, the conduct for which the jury found Rockline would have terminated Wilson on May 28, 2008, is not gross misconduct, for two reasons:

*    There was no evidence that Wilson misused any of the work-related documents he sent to his home computer, or that he revealed their contents to third parties or otherwise violated any duty of confidentiality to Rockline or to the employees who might have been referred to in those e-mails.

*    There was evidence that Rockline routinely tolerated violations of its computer policy, which militates against any finding that such violations were gross misconduct.

The Court concludes that Rockline is not entitled to a cut-off of statutory penalties as of May 28, 2008.

6.    Finally, the Court must determine the appropriate amount of statutory damages per day.  This consideration is informed by the fact that Wilson was given pretextual reasons for termination, but was actually terminated for whistleblowing. It follows that

-5-

COBRA coverage was denied to Wilson for whistleblowing, an improper reason, and the Court finds that the full daily amount sought by Wilson, $75.00, is appropriate.

7.   When this rate is multiplied by the eighteen-month period, the Court finds that Wilson is entitled to statutory damages for Rockline's COBRA violation in the sum of $40,950.00. An award of this amount will be included in the Judgment to be entered contemporaneously in this case.

**IT IS SO ORDERED.**

**/s/ Jimm Larry Hendren**
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**